MARILYN MURRAY, APPELLANT, v. DEPARTMENT OF HUMAN SERVICES, ANN KLEIN, COMMISSIONER, DIVISION OF PUBLIC WELFARE, G. THOMAS RITI, DIRECTOR, BERGEN COUNTY WELFARE BOARD, EDWARD TESTA, DIRECTOR, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 26, 1981—Decided February 10, 1981.

Before Judges ALLCORN, PRESSLER and FURMAN.

*Michaelene Loughlin* argued the cause for appellant (*Bergen County Legal Services*).

*David P. Schneider*, Deputy Attorney General, argued the cause for respondents (*John J. Degnan*, Attorney General, attorney; *Erminie L. Conley*, Assistant Attorney General, of counsel).

The opinion of the court was delivered by

FURMAN, J. S. C. (temporarily assigned).

Appellant is a full-time student at Bergen Community College with two dependent children. Her food stamp allotment under the joint federal-state program (Food Stamp Act, 7 *U.S.C.A.* § 2011 *et seq.*) was reduced by the Bergen County Welfare Board from $109 to $67 a month. The Director of the Division of Public Welfare, after an evidentiary hearing before an administrative law judge, affirmed the welfare board, declining to adopt the hearing judge's recommendation.

In calculating appellant's income for food stamp allotment purposes, the Director included $1,118 in educational grants to her for the academic year 1979–80 because that amount was not specifically earmarked for education expenses, and excluded $770, the amount which was deducted by Bergen Community College for tuition, mandatory fees, books and supplies on her behalf. Appellant contends that she was entitled to an exclusion of the total $1,888, thus maintaining her monthly food stamp allotment of $109, under governing federal and state regulations.

The federal regulations defining income for food stamp allotment purposes are codified in 7 *C.F.R.* § 273.9 *et seq.* and substantially incorporated in *N.J.A.C.* 10:87–5.9 *et seq.* Educational grants which are applied to tuition and mandatory school fees are excludible from income, as are those "for specific education expenses, such as travel or books, but not allowances for normal living expenses, such as food, rent or clothing." If household income is augmented by an educational grant, that

excess is not excludible. In addition, 7 *C.F.R.* § 273–9(c)(5)(iv) and *N.J.A.C.* 10:87–5.9(6)(iii)(4) provide that portions of a general grant or scholarship must be specifically earmarked for education expenses, rather than for living expenses, to be excludible as reimbursements "which do not exceed expenses actually incurred and which do not represent a gain or benefit to the household."

Appellant was the recipient of three educational grants totaling $1,888 for the academic year: $1,038 from the federally-funded Basic Educational Opportunity Grant program, 20 *U.S. C.A.* § 1070 *et seq.*, $500 from the New Jersey Tuition Grant program, *N.J.S.A.* 18A:71–41 *et seq.*, and $350 from the New Jersey Educational Opportunity Fund, *N.J.S.A.* 18A:71–28 *et seq.*

The second of these grants was limited to tuition aid. The other two grants were available for a wider range of education needs. Grants under the Basic Educational Opportunity Grant program are earmarked for tuition, mandatory fees, books, supplies and "expenses related to reasonable commuting," insofar as pertinent to appellant as a commuter to college. Grants under the New Jersey Educational Opportunity Fund program "take into account . . . tuition, fees and living expenses at the institution," but not explicitly living expenses elsewhere.

Appellant's three educational grants were paid directly to Bergen Community College, which deducted $770 for tuition, mandatory fees, books and supplies and remitted $656.50 of the balance to her with the proviso: "Remaining grant monies must be used for expenses solely related to attendance or continued attendance at Bergen Community College." The college retained $461.50 to be applied presumably on appellant's behalf subsequently during the academic year.

Appellant does not specifically argue and no authority is cited that the college was the agent for one or more of the federal and state grantors of the educational grants in imposing the general condition that the moneys remitted to appellant were to be applied to her education expenses at the college.

At the hearing in December 1979 the administrative law judge reached a finding, based upon appellants' testimony, that she had expended for education expenses all of the balance from her educational grants remitted to her up until then from the college, as follows: $450 for commutation, $80 for additional books, $45 for additional supplies, $35 for a required gym outfit, $85 for typewriter rental and $24 for Xerox copies. Although not explicitly dealt with in the record, ongoing comparable education or education-related expenses during the remaining several months of the academic year are inferable, to be met by the additional $461.50 retained by the college out of appellant's educational grants.

The Director adopted the administrative law judge's findings but not the recommended decision, concluding that under the governing regulation appellant's educational grants were includible as income to her except for $770, because the federal and state grantors of the grants had not specifically earmarked them for education expenses rather than for living expenses.

In our view that conclusion is inequitable under the circumstances, and in conflict with the intent of the Food Stamp Act and regulatory scheme. Appellant's proofs established that she used her educational grants, beyond what was deducted by the college, entirely for education expenses and not for food, rent, clothing or other normal living expenses. Her household income was not in fact augmented by her educational grants.

Nor, as we construe them, do the specific terms of the three grants to appellant sanction expenditures by her other than for education expenses. The State Tuition Grant is for tuition only. The Federal Basic Educational Opportunity Grant and the New Jersey Educational Opportunity Fund authorize expenditures for room, board and other living expenses incurred by a resident at an institution. Neither explicitly authorizes expenditures for household expenses incurred by a nonresident commuter, such as appellant. Appellant disbursed a substantial portion of the balance from her grants remitted to her by the college for

commutation, an education expense for which reimbursement by grant is specifically excludible from income under the governing regulations. Her other proven out-of-pocket disbursements were as patently education-related.

In addition, the federal and state grantors of the educational grants to appellant paid them directly to Bergen Community College, delegating responsibility to the college to deduct tuition and other expenses on behalf of appellant and to remit the balance to her. Acting pursuant to this authority, the college remitted funds out of the grants with the proviso that appellant apply them solely to expenses in connection with attendance there. In accepting these funds, appellant could reasonably assume that they were earmarked, as the proviso stated, for education expenses and not for living expenses. *Cf. N. Rothenberg & Son, Inc. v. Nako*, 49 *N.J.Super.* 372, 381–382 (App.Div. 1958).

We therefore reverse and remand for entry of an order recalculating appellant's food stamp allotment by excluding educational grants to her of $1,888 for the academic year 1979–80 from the computation of her food stamp entitlement. We do not retain jurisdiction.